Tilghman C. J.
(After stating the evidfence.) On, the evidence the defendant’s counsel prayed the opinion of the Court as to seven particulars which appear on ,the recprd. The Court did not answer the questions severally, but gave an answer to the second question which they considered as sufficient for the whole. I am of a different opinion. The sixth question is entirely untouched. But the great objection is, that Ahe answer, such as it is, is couched in such general and equivocal terms, as would tend rather to mislead than instruct the jury. The Court say, that if the jury should be of opinion, that the plaintiff bottomed his title on the title of A. Lochrey, the act of limitations would not apply to the case. Now what is meant by bottoming his title? The title might have been bottomed in various ways; and the question on the act of limitations might depend on the particular way in which it was bottomed. For instance, the plaintiff might have contracted with the heirs of Lochrey to take out a warrant for their benefit: or he might have entered on the vacant possession, with an intent to procure' a title adverse to Lochrey7s children, and have continued to hold and act in all respects, and at all times, openly and avowedly in opposition to them. In these two cases the operation of law might have been different. When a question is- distinctly proposed to the Court, the party proposing it is entitled to a distinct answer, and it is error to refuse or evade it. This is a rule of very great importance. The security of property depends on it. For in our mixed form of trial, where the jury, under the Court’s direction, give a verdict decisive of law and facts, there will be no law unless it can be separated from the fact, and the Court’s opinion obtained, in such a manner as to bring it before a superior tribunal. The defendant’s counsel in this case did all that could be done. They proposed clearly the several points on which they desired the Court’s opinion. That opinion has either not been given, or given so obscurely as to be of no benefit. It is impossible for us to say, what the verdict xoould have been, had the law been clearly and properly laid down: or what it ought to have *52 been; for we are not sufficiently apprised of the facts. The judgment must, therefore, be reversed, and a venire facias de novo awarded,
Yeates J. absent.
Brackenridge J. concurred.
Judgment reversed, and a venire facias de novo awarded.